## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| DEL BIGTREE,<br><br>                              Plaintiff,<br><br>  -against-<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION; ROCHELLE P. WALENSKY in her official capacity as Director of Centers for Disease Control and Prevention; and SHERRI A. BERGER in her official capacity as Chief of Staff of Centers for Disease Control and Prevention,<br><br>                              Defendants. | Civil Action No. 1:22-cv-00224 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Del Bigtree brings this action against Defendants Centers for Disease Control and Prevention ("**CDC**"), Rochelle P. Walensky (Director of the CDC), and Sherri A. Berger (Chief of Staff of the CDC), (collectively, "**Defendants**").

## PRELIMINARY STATEMENT

1.       Plaintiff seeks a declaration and injunction against Defendants' mandate requiring individuals to wear masks while on commercial airlines, conveyances, and at transportation hubs as provided in the *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021), available at https://www.govinfo.gov/content/pkg/FR-2021-02-03/pdf/2021-02340.pdf (the "**Mask Mandate**").

2.       It is an affront to all Americans that the federal government requires Americans to wear masks (see picture on left below) while not imposing the same requirement on themselves (see four pictures on right below).  On February 27, 2022, and February 28, 2022, respectively,

Congress and the White House dropped their mask mandates, as seen in the four pictures to the right below. So, while our elected officials now have the freedom to choose whether to have to mask their faces, everyday Americans cannot. There is a term for when those that govern impose requirements on the governed but exclude themselves.



Furthermore, not only have elected representatives now formally given themselves the liberty to not wear a mask, the reality is that many of them were not wearing masks even beforehand, as seen from the following pictures from the last half of 2021:



      3.      Defendants should be enjoined from enforcing the Mask Mandate because none of the statutes or regulations cited by the CDC for the authority to adopt this regulation – 42 U.S.C. § 264, 42 C.F.R. §§ 70.2 (the regulation implementing § 264), 71.31(b), and 71.32(b) – permit the CDC to make or enforce the Mask Mandate. (*Infra* Count I.) Even if Congress had granted the

CDC the authority to promulgate the Mask Mandate, this authority would violate the nondelegation doctrine.  (*Infra* Count II.)

## PARTIES

4.      Plaintiff Del Bigtree is an individual who resides in Travis County, Texas.

5.      Defendant CDC is an agency of the United States and is part of Health and Human Services.  Defendant Rochelle P. Walensky, MD, is the Director of the CDC and is sued in her official capacity.  Defendant Sherri A. Berger, MSPH, is the Chief of Staff for the CDC and is sued in her official capacity.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2), and 5 U.S.C. §§ 702 and 706.  This Court has the authority to grant declaratory relief under 28 U.S.C. § 2201 and injunctive relief under 28 U.S.C. § 2202.

7.      Venue is proper within this judicial district and division pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions asserted by Plaintiff arise within this judicial district.  Venue is proper in the Austin Division of the Western District of Texas pursuant to 28 U.S.C. § 124(a)(2).

## FACTS

**A.      The Mask Mandate**

8.      On January 29, 2021, Defendant Berger issued the Mask Mandate and it became effective on February 3, 2021.  *See* 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021).

9.      The Mask Mandate requires people who are "boarding, disembarking, and traveling" through a "transportation hub" or on "conveyances" into and within the United States to wear masks over their nose and mouth.  *Id.* at 8029.  The Mask Mandate defines the terms

"mask," "conveyance," and "transportation hub" as follows:

- A "mask" is defined as "a material covering the nose and mouth of the wearer, excluding face shields." *Id.* at 8026.

- A "conveyance" is defined as "an aircraft, train, road vehicle, vessel . . . or other means of transport, including military," and includes rideshare arrangements. *Id.* at 8027.

- A "transportation hub" is defined as "any airport, bus terminal, marina, seaport or other port, subway station, terminal (including any fixed facility at which passengers are picked-up or discharged), train station, U.S. port of entry, or any other location that provides transportation subject to the jurisdiction of the United States." *Id.*

10.     The Order requires conveyance operators and transportation hub operators to enforce the Mask Mandate.  *Id.* at 8026.

11.     The Mask Mandate states that "[m]asks help prevent people who have COVID-19, including those who are pre-symptomatic or asymptomatic, from spreading the virus to others," but provides no findings that show masks have limited the interstate spread of COVID-19 through conveyances and transportation hubs.  *Id.* at 8028.

12.     The Mask Mandate applies to all travelers, irrespective of whether they have been exposed to COVID-19.  It permits everyone, including healthy people and people who may or may not have been exposed to COVID-19, to not wear a mask when eating, drinking, or taking medication, "for brief periods," when wearing of oxygen masks on airplanes is required, or when unconscious or incapacitated.  *Id.* at 8027.

13.     The Mask Mandate states that it was not subject to notice and comment and a delay in the effective date because "good cause" existed to forgo these basic procedural safeguards, yet the Mask Mandate remains in effect 13 months later still without any notice or comment. *Id.* at 8030.

14.     Violating the Mask Mandate carries criminal penalties.  *Id.* at 8030 n.33.

**B.     Plaintiff**

15.     Plaintiff Del Bigtree lives in Travis County, Texas, and frequently travels via commercial airlines subject to the Mask Mandate, taking approximately 75 to 100 flights per year, with most of these flights either originating or arriving in Austin-Bergstrom International Airport ("**AUS**").

16.     Plaintiff is required to wear a mask on each of these flights and while traveling through airports throughout the United States, including AUS, because of the Mask Mandate, except, of course, when he is, *inter alia*, eating, drinking or "for brief periods."

17.     Plaintiff would not wear a mask if the Mask Mandate did not exist.  But Plaintiff does support the right of every individual to continue to wear as many masks as they desire.

<u>**COUNT I**</u>
**AGENCY ACTION NOT IN ACCORDANCE WITH LAW AND IN EXCESS OF AUTHORITY**
**(Violation of the Administrative Procedure Act)**

18.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

19.     Pursuant to the Administrative Procedure Act (the "**APA**"), a court must "hold unlawful and set aside agency action" that is "not in accordance with law" or "in excess of statutory . . . authority, or limitations, or short of statutory right."  *See* 5 U.S.C. § 706(2)(A), (C).

20.     The Mask Mandate indicates its statutory and regulatory authority is derived from 42 U.S.C. § 264, 42 C.F.R. §§ 70.2 (the regulation implementing § 264), 71.31(b), 71.32(b).

21.     The Mask Mandate is in excess of that authority for three reasons.

22.     First, none of the statutes or regulations it cites authorize the CDC to make or enforce regulations that amount to a blanket preventative measure against people who may or may not be carrying an infectious disease.  Such a broad reading of the statute would be "tantamount

to creating a general federal police power." *Skyworks, Ltd. v. CDC*, 524 F. Supp. 3d 745, 758 (N.D. Ohio March 10, 2021).

23.     Second, the CDC's claim of authority under 42 U.S.C. § 264(a) does not take into account the limiting language also found in that subsection.  A statute must be read in context. *Hibbs v. Winn*, 542 U.S. 88, 101 (2004).  Section 264(a) grants the CDC the authority to "make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession."  This grant of authority, however, is limited by the language found in the next sentence: "For purposes of carrying out and enforcing such regulations, the [CDC] may provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary." 42 U.S.C. § 264(a).  The catchall provision "and other measures" is limited to "the kinds of measures" like the ones listed in the statute.  *Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2488-89 (2021).  A mask mandate for all people, including those whose infection status is unknown, is unlike any of the measures listed in the statute.

24.     Third, the CDC's interpretation of 42 U.S.C. § 264 ignores the structure of the statute.  The Mask Mandate repeatedly cites § 264(a) as its authority.  But § 264(a) only allows the CDC to impose specific restrictions on property interests.  The Mask Mandate is a restriction on travelers' liberty interests, which is an issue addressed by § 264(d). Section 264(d) applies only to "any individual reasonably believed to be infected with a communicable disease" and allows for apprehension and examination only under those circumstances.  Read as a whole, as courts must do, it is clear that the "other measures" clause found in § 264(a) does not allow the CDC to

restrict the liberty interest of *all* travelers by requiring them to wear a mask.

25.     On its face and as applied, the Mask Mandate violates Plaintiff's right to be free from unlawful regulations, and Plaintiff will be irreparably harmed unless this Court enjoins Defendants from enforcing the Mask Mandate.  Plaintiff has no plain, speedy, and adequate remedy at law to prevent the Defendants from enforcing the Mask Mandate, and if not enjoined by this Court, Defendants will continue to enforce the Mask Mandate in violation of Plaintiff's rights.  Accordingly, injunctive relief is appropriate.

26.     An actual and substantial controversy exists between Plaintiff and Defendants as to their legal rights and duties with respect to whether the Mask Mandate exceeds the CDC's statutory authority.  The case is presently justiciable because the Mask Mandate applies to Plaintiff on its face, and Plaintiff will face sanctions if he does not comply.  Declaratory relief is therefore appropriate to resolve this controversy.

### COUNT II
### AGENCY ACTION VIOLATES THE NONDELEGATION DOCTRINE
### (Violation of U.S. Const. Art. I, § I)

27.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

28.     Article I, Section I of the U.S. Constitutions states, "All legislative powers herein granted shall be vested in a Congress of the United States."  Beyond exceeding the authority granted to the CDC under 42 U.S.C. § 264 and the relevant regulations, the Mask Mandate also constitutes an unconstitutional delegation of legislative power to the CDC.

29.     To comply with the nondelegation doctrine, a statute must delineate: (1) a general policy; (2) the agency to apply it; and (3) the boundaries of the delegated authority.  *See Mistretta v. United States*, 488 U.S. 361, 372-73 (1989).  The boundaries of the delegated authority must meaningfully constrain the Executive Branch's discretion.

30.     42 U.S.C. § 264, if it in fact could be read to authorize the CDC to implement the Mask Mandate (which should not be the case), does not provide adequate boundaries that meaningfully constrain the agency's authority.  Accordingly, it violates the nondelegation doctrine.  Plaintiff alleges that both on its face and as applied, the Mask Mandate violates his constitutional rights.

31.     Plaintiff will be irreparably harmed unless this Court enjoins Defendants from enforcing the Mask Mandate, and Plaintiff has no plain, speedy, and adequate remedy at law to prevent the Defendants from enforcing the Mask Mandate.  If not enjoined by this Court, Defendants will continue to enforce the Mask Mandate in violation of Plaintiff's rights. Accordingly, injunctive relief is appropriate.

32.     An actual and substantial controversy exists between Plaintiff and Defendants as to their legal rights and duties with respect to whether the Mask Mandate violates the United States Constitution.  The case is presently justiciable because the Mask Mandate applies to Plaintiff on its face, and Plaintiff would face sanctions if he did not comply.  Declaratory relief is therefore appropriate to resolve this controversy.

## **PRAYER FOR RELIEF**

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, it is appropriate and proper that a declaratory judgment be issued by this Court, declaring that the Mask Mandate is beyond the CDC's statutory authority or is unconstitutional, and that the Court issue preliminary and permanent injunctions prohibiting Defendants from enforcing the Mask Mandate pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65.

WHEREFORE, Plaintiff prays for judgment against Defendants and that the Court:

(1)     Declare that the Mask Mandate is beyond the CDC's statutory authority because it

is not authorized by 42 U.S.C. § 264;

(2)     Declare that the Mask Mandate is invalid under the Administrative Procedure Act, 5 U.S.C. § 706, because it exceeds the CDC's statutory authority;

(3)     Declare that the Mask Mandate violates the nondelegation doctrine of the U.S. Constitution and is therefore a violation of the separation of powers;

(4)     Hold unlawful and set aside the Mask Mandate;

(5)     Issue a preliminary injunction against the Defendants, as well as all agents, administrators, employees, or other persons acting on behalf of the Defendants, from enforcing the Mask Mandate;

(6)     Award Plaintiff his costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney fees pursuant to 28 U.S.C. § 2412; and

(7)     Grant such other and further relief as the Court deems equitable, just, and proper.

Dated: March 8, 2022                       **SIRI & GLIMSTAD LLP**

By: /s/ *Aaron Siri*
Aaron Siri
Elizabeth A. Brehm (Pro Hac Vice to be filed)
Catherine Cline (Pro Hac Vice to be filed)
200 Park Avenue, 17th Floor
New York, New York 10166
Tel: (212) 532-1091
aaron@sirillp.com
ebrehm@sirillp.com
ccline@sirillp.com

Ursula Smith (Pro Hac Vice to be filed)
100 Congress Avenue, Suite 2000-4590
Austin, Texas 78701
Tel: (512) 265-5622
usmith@sirillp.com

*Attorneys for Plaintiff*